883 A.2d 1044

IN THE MATTER OF HOWARD M. DORIAN, AN ATTORNEY AT LAW (ATTORNEY NO. 000381978).

September 12, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–068, concluding that **HOWARD M. DORIAN** of **CLIFFSIDE PARK**, who was admitted to the bar of this State in 1978, and who thereafter was suspended from the practice of law for a period of three months effective April 25, 2005, and who remains suspended at this time, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.2(a) (failure to abide by client's decisions concerning scope and objectives of representations and whether to settle a matter), *RPC* 1.14(b) (failure to inform client of status of matter), *RPC* 1.4(c) (failure to explain matter to client to extent reasonably necessary to permit informed decision by client), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **HOWARD M. DORIAN** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective immediately; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.